963 F.2d 381
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Earl D. SONS; Jessye M. Sons; and Church of Christ,
Defendants-Appellants.
 No. 91-55450.
 United States Court of Appeals, Ninth Circuit.
 May 15, 1992.
 
 1
 Before JAMES R. BROWNING and FARRIS, Circuit Judges, and George,** District Judge, sitting by designation.
 
 
 2
 MEMORANDUM***
 
 
 3
 The Sons challenge the authority of the district court to order the sale of their family home on the basis that Jessye Sons, who owned a joint tenant interest in the home, was not liable for the tax obligations giving rise to the sale. The Sons ask that Jeesye be provided with a reasonable opportunity to purchase the home in a private sale in order to protect her interest as a joint tenant.
 
 
 4
 When an assessment has been made and reduced to judgment, the district court has the authority to order a sale of the entire property in which a delinquent taxpayer has an interest. 26 U.S.C. § 7403(a). Although United States v. Rodgers, 461 U.S. 677 (1983), involved a homestead interest rather than a cotenancy, the case underscores the United States' broad powers under section 7403(a). The Court held that "the consequences that attach to [state defined property] interests is a matter of federal law," id. at 683, and read section 7403(a) "to contemplate, not merely the sale of the delinquent taxpayer's own interest, but the sale of the entire property." Id. at 694.
 
 
 5
 The district court has a limited discretion to decline to order a forced sale based on a weighing of factors such as prejudice to the government, prejudice to the third party, the third party's legally recognized expectations regarding forced sale of the property and the relative values of the liable and nonliable interests in the property. Id. at 710-11. The record reflects, however, that the Sons introduced no evidence that could have led the district court to exercise its limited discretion. Under these circumstances, we will not consider whether the district court properly declined to exercise its discretion. See Gruver v. Midas International Corp., 925 F.2d 280, 283 (9th Cir.1991); Animal Protection Institute of America v. Hodel, 860 F.2d 920, 927 (9th Cir.1988).
 
 
 6
 The district court's judgment is AFFIRMED. Insofar as it raises an issue not raised before the district court, the Sons' appeal is DISMISSED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4 the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 Honorable Lloyd D. George, United States District Judge for the District of Nevada, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3